(140 App. Div. 424.)

## STRAUSS v. DILG.

(Supreme Court, Appellate Division, First Department. November 4, 1910.)

1. PATENTS (§ 195*)—CONTRACTS—BREACH.

An agreement, binding a party thereto to assign his right to applications for patents on inventions and the patents obtained thereon, and binding the adverse party to prosecute the applications for patents, a proposed interference proceeding between the applications and a patent assigned to a third person, and an infringement suit against the third person in case patents were issued, is not breached by the party's refusal to change or amend the applications for patents; the adverse party undertaking the prosecution of the applications, and taking the risk of an adverse decision thereon.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 272–274; Dec. Dig. § 195.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PATENTS (§ 195*)—CONTRACTS—BREACH.

An agreement, binding a party thereto to assign his right to applications for patents on inventions and the patents obtained thereon, and binding the adverse party to make a payment and deposit an agreement to make an additional payment on a designated date and within 30 days from the time that a final court decision shall be obtained sustaining the patents, and stipulating that if, owing to unforeseen occurrences or causes beyond the control of the parties, a final court decision shall not be obtained before the designated date, the agreement shall be extended, is not breached by the party's refusal to extend the agreement, unless the contemplated court decision was delayed because of unforeseen occurrences or causes beyond the control of the parties; and where the suit to obtain such a decision was never begun, because no patent was issued, the refusal to extend the agreement was not a violation thereof.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 272–274; Dec. Dig. § 195.*]

3. PATENTS (§ 195*)—CONTRACT TO ASSIGN RIGHT TO PATENT—BREACH.

An agreement for the assignment by a party thereto of his rights in applications for patents, and for the adverse party prosecuting at his expense applications for the patents and a proposed interference proceeding between the applications and a patent assigned to a third person, is not breached by the refusal of the party to reimburse the adverse party for expenses incurred in prosecuting an appeal from the decision of the board of examiners on the applications, though the appeal was controlled by the attorneys of the party, and the adverse party paid the expenses thereof at the special instance of the party.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 272–274; Dec. Dig. § 195.*]

Appeal from Trial Term, New York County.

Action by Gustavus Emil Strauss against Christian F. Dilg. From a judgment for plaintiff, directed by the court after a trial without a jury, defendant appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Howard A. Sperry, for appellant.
James S. McDonogh, for respondent.

MILLER, J. This action for breach of contract was tried by the court without a jury. The appeal is on the judgment roll; the appellant insisting that the conclusions of law are not sustained by the findings of fact.

The agreement in suit was entered into on the 21st day of August, 1903, and provided, in substance, that the defendant should, simultaneously with the making of the agreement, execute assignments of all his right, title, and interest in and to certain inventions and applications for patents thereon, and the patents to be obtained thereon, and deposit them in escrow with the Twenty-Third Ward Bank of the City of New York, to be delivered to the plaintiff upon the deposit by him in the said bank of the sum of $5,500, together with an agreement to pay royalties amounting to the sum of $2,500. The plaintiff was to allow priority of invention to the defendant by signing disclaimers with respect to certain patents between which and the said applications of the defendant interferences had been declared by the

Patent Office. The plaintiff was to prosecute the said application for patents, proposed interference proceedings between said applications and a patent assigned to the Star Ball Retainers Company, and an infringement suit against the latter in case patents were issued, and to pay the expenses thereof. The said $5,500, and the agreement for the payment of royalties, amounting to $2,500, were to be deposited by the plaintiff on or before the 1st day of January, 1906, and within 30 days from the time that a final court decision should be obtained sustaining said patents. It was further provided that if, owing to unforeseen occurrences or causes beyond the control of the parties, such final court decision should not be obtained before January 1, 1906, the agreement should be extended for a further period, to be mutually agreed upon.

There is no specific finding that the defendant executed the said assignments of the inventions, applications, and patents to be issued thereon; but, in the absence of a finding to the contrary, that may be assumed, as such assignments were to be executed simultaneously with the original contract and constituted a part thereof. The court found that the plaintiff executed disclaimers, allowing priority of invention to the defendant, and prosecuted said applications before the Patent Office; that the prosecution resulted in the rejection of some of the claims in each of the defendant's applications; that an appeal was prosecuted to the Court of Appeals of the District of Columbia, which resulted in the decision of the Board of Examiners and the Commissioner of Patents being sustained; that the plaintiff did not prosecute the contemplated interference proceedings, for the reason that none were ordered by the Patent Office, and did not prosecute the contemplated infringement suit, for the reason that no patents were issued on the said application of the defendant.

The alleged breaches of the contract by the defendant are based upon findings that the defendant refused to change or amend his applications by directing the cancellation of the rejected claims, as the plaintiff requested and demanded him to do; that he refused to extend the agreement beyond January 1, 1906, as the plaintiff requested him to do; that he refused to comply with the plaintiff's offer to accept assignments of such patents as might be obtained, and to have the same issued and assigned to the plaintiff; that he refused to reimburse the plaintiff for the expenses, paid by him in the prosecution of said applications for patents and the said appeals, amounting to $799.41; and that he wholly failed, neglected, and refused to comply with the terms of said agreement.

It is manifest that the general finding of a failure, neglect, and refusal to comply with the terms of the agreement is but a conclusion from the specific facts found; but it is impossible to discover, from the findings, what provision of the contract was violated by the defendant. The refusal to change or amend the applications was not a violation of the contract, for the parties contemplated a prosecution of the applications as made. The plaintiff undertook the prosecution of those applications, and of the contemplated interference proceedings and infringement suit, and took the risk of an adverse decision

in whole or in part.   The defendant's refusal to extend the agreement beyond January 1, 1906, did not amount to a breach, unless the contemplated court decision was delayed because of "unforeseen occurrences or causes beyond the control of the parties"; and there is no finding of any unforeseen occurrences.. The infringement suit was never begun, for the reason that no patent was issued; but plainly the plaintiff took that risk.

Upon the findings, there was no delay such as the parties contemplated might require an extension of the agreement.   The prosecution undertaken by the plaintiff was unsuccessful, but that did not call for the extension of the agreement.   There is no finding that the defendant refused to execute any of the assignments, called for by the contract, and the refusal to execute something different did not constitute a breach of the contract.   There is a finding that the prosecution of the appeal from the decision of the Board of Examiners was controlled by the defendant's attorneys, and that the plaintiff paid the expenses thereof at the special instance and request of the defendant; but the refusal to reimburse the plaintiff did not constitute a breach of the contract in suit.   The findings in this case, construed with reference to each other and in the light of the said contract, lead to but one conclusion; i. e., that the plaintiff was unsuccessful in his undertaking, and now seeks to recover the expense of prosecuting it,. which he expressly agreed to pay.

It follows, therefore, that the judgment should be reversed, and a. new trial ordered, with costs to appellant to abide event.   All concur..